UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROGER FRANKLIN SECREST, | § | |
| No. 906138, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | NO. 3:05-CV-0429-B |
| | § | |
| DOUG DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court in implementation thereof, the subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendations of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

    Type of Case: This is a petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.

    Parties: Petitioner Roger F. Secrest ("Secrest" or "Petitioner") is confined at the Boyd Unit of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID") at Teague, Texas. Respondent is the Director of TDCJ-CID.

    Statement of the Case: Secrest pled not guilty in cause number F-99-01825-WT to the offense of murder enhanced by a prior felony conviction. The jury found him guilty on the lesser-included offense of manslaughter, found that he used a deadly weapon during the commission of the offense, and sentenced him to twenty-seven years in the penitentiary.

Secrest's conviction was affirmed on appeal. *Secrest v. State*, No. 05-99-02141-CR (Tex. App. - Dallas Apr. 4, 2001). Secrest's petition for discretionary review ("PDR") was refused on January 16, 2002. Secrest did not file a petition for writ of certiorari to the United States Supreme Court.

Secrest filed a habeas application pursuant to Texas Code of Criminal Procedure, Article 11.07 on January 3, 2003. *Ex Parte Secrest*, Appl. No. 54,977-01 at 2. His application was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court without a hearing on February 19, 2003. Appl. No. 54,977-01 at cover.

Petitioner filed the instant petition on February 11, 2005.[1] On June 24, 2005, Respondent filed his answer contending that the petition is time-barred, and in the alternative, that Secrest is not entitled to relief on the merits. Secrest's traverse was filed on August 25, 2005.

Findings and Conclusions:

In his petition, Secrest alleges that he was denied a fair trial as a result of jury misconduct. Petitioner's allegations need not be addressed on the merits because he has failed to file his petition within the statutory period required by 28 U.S.C. § 2244(d)(1) (1996).

Secrest filed his § 2254 petition after the effective date of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). It is thus subject to a one year statute of limitations. *See* § 2254. Absent specific circumstances set forth in Sections (d)(2) through (d)(4), the limitation period begins to run on "the date on which the judgment became final by the

---

[1] Under the "mailbox rule," a prisoner's federal habeas corpus petition is deemed filed when he delivers it to prison officials for mailing to the district court. *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). Secrest signed his federal habeas petition on February 11, 2005. It was filed stamped on March 7, 2005. For the purposes of the recommendation, it is assumed that he placed his § 2254 petition in the prison mail system on the date he signed his petition.

2

conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). Thus Secrest's conviction become final for the purposes of the AEDPA on April 16, 2002, ninety days after his petition for discretionary review was refused by the Texas Court of Criminal Appeals. *See Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998) (where prisoner does not file a petition for a writ of certiorari to the United States Supreme Court, the conviction becomes final 90 days after the Texas Court of Criminal Appeals refuses the PDR). However, the running of the limitations period will be tolled for the time during which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." § 2244(d)(2).

Secrest claims that his attorney filed his article 11.07 application on December 26, 2002. However, the file stamp on the 11.07 application shows a filing date of January 3, 2003. The so-called "mailbox rule" does not apply to prisoner litigants who are represented by counsel at the time of filing. *See Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002), *cert. denied*, 539 U.S. 918, 123 S. Ct. 2277 (2003). Furthermore, the "mailbox rule" is not applicable to collateral attacks filed by Texas State prisoners. *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S. Ct. 1564 (2000). The one year statute was tolled from January 3, 2003, until February 19, 2003, when the Court of Criminal Appeals denied his application. Thereafter, the one year period expired on June 2, 2003, approximately 20 months prior to the date he filed his § 2254 petition in this case.

Notwithstanding the untimeliness of his federal petition, the limitations period may be equitably tolled under "rare and exceptional" circumstances. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074, 119 S. Ct. 1474 (1999). A "garden variety

3

claim of excusable neglect does not support equitable tolling." *Coleman*, 184 F.3d at 402 (quoting *Rashidi v. Amer. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

Secrest argues that the limitations period should be equitably tolled due to his attorney's failure to notify him in a timely fashion of the disposition of his article 11.07 application. Specifically, he represents that he did not learn of the disposition of the state habeas proceeding until October 28, 2004, when he received a copy of his habeas counsel's letter dated March 22, 2004, from his father. (*See* Traverse, Ex. 1).[2] The failure of an attorney to keep a habeas client informed of the status of a collateral proceeding is not a basis for application of equitable tolling. *See Cousin*, 310 F.3d at 848; *Salinas v. Dretke*, 354 F.3d 425, 431-32 (5th Cir. 2004) (mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified). Moreover, Secrest has not shown any diligence in attempting to seek information from his habeas attorney or from the Court of Criminal Appeals with respect to the status of his article 11.07 application from the date of his attorney's e-mail (*see* Traverse, Ex. 2) to October 28, 2004. Equally telling is the fact that after learning that his article 11.07 application had been denied, he delayed filing his federal petition for more than three additional months. Therefore, it is clear that Secrest did not diligently pursue his rights. *See Davis*, 158 F.3d at 811; *Larry v. Dretke*, 361 F.3d 890, 896-97 (5th Cir. 2004). Secrest has cited nothing more than his status as a *pro se* petitioner as an explanation for the delay in filing. However, *pro se* status, by itself, does not excuse such a delay and does not warrant equitable tolling. *See Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir 2002), *cert. denied*, 538 U.S. 947, 123 S. Ct. 1621 (2003) (incorrect

---

[2] Respondent does not concede that Petitioner had no knowledge of the denial of his article 11.07 application prior to October 28, 2004. (*See* Answer 5 n.5.) However, for the purposes of this recommendation, the accuracy of Secrest's statement is assumed.

interpretation of ADEPA filing deadlines by incarcerated *pro se* prisoner did not warrant equitable tolling); *see also Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000), *cert. denied*, 531 U.S. 1035, 121 S. Ct. 622 (2000) (noting that proceeding *pro se* is not an "exceptional circumstance" that requires equitable tolling).

RECOMMENDATION:

For the foregoing reasons it is recommended that the district court find that the petition is time barred and dismiss the petition.

A copy of this recommendation shall be transmitted to the Petitioner and to counsel for Respondent.

Signed this 27th day of September, 2005

_____
Wm. F. Sanderson, Jr.
UNITED STATES MAGISTRATE JUDGE

NOTICE
In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.